IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of SIERRA CANYON CONSTRUCTION, LLC, a New Mexico Corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARKEL INSURANCE COMPANY, an Illinois Corporation, and SIEMENS ENERGY, INC., a Delaware Corporation,<br><br>　　　　Defendants. | Civil Action No._____ |

## COMPLAINT

The complaint of the United States of America for the use and benefit of Sierra Canyon Construction, LLC, a New Mexico corporation (hereinafter "Plaintiff"), by and through their undersigned counsel, The Simons Firm, LLP, (Quinn S. Simons), and for their Complaint against Defendants Markel Insurance Company ("Markel"), and Siemens Energy, Inc., ("Siemens"), allege as follows:

## NATURE OF THE ACTION

1. This dispute arises out of a construction project to provide energy saving upgrades to a power plant located at the U.S. Department of Energy's National Nuclear Security Administration Los Alamos National Laboratory facility in New Mexico. Defendant Siemens was hired to design and construct steam and power plant modifications for the project. In 2019, Siemens subcontracted certain design and construction work to Lauren Engineers & Constructors, Inc. ("Lauren"). Pursuant to the subcontract between Siemens and Lauren, Lauren provided Siemens with performance and payment bonds issued by Markel as surety. Attached hereto as **Exhibit A** is a true and correct copy of the bonds. In March 2021, Lauren fell into severe financial

distress and demobilized from the project site. In April 2021, Lauren filed for Chapter 7 bankruptcy liquidation. Plaintiff provided timely notice to Defendants and satisfied all conditions precedent to trigger Markel's obligations under Lauren's and Siemens' payment bond. However, Markel refused in bad faith to comply with its obligations under the payment bond, causing Plaintiff, a small excavation company, significant financial stress, see **Exhibit B** as evidence of unpaid amounts owed to Plaintiff to date. Plaintiff is suing Defendants to obtain payment for labor, equipment and materials expended in prosecution of its contract with Lauren, to enforce the payment bond and recover damages it has incurred as a result of Defendants' breaches of the contract, bond and the covenant of good faith and fair dealing.

## PARTIES AND JURISDICTION

2. Plaintiff is a New Mexico limited liability company, in good standing, organized and existing under the laws of the United States with its principal place of business in Santa Fe, New Mexico.

3. Upon information and belief Defendant Markel Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the Commonwealth of Virginia and authorized to engage in the business of executing surety bonds and authorized to do business in New Mexico.

4. Upon information and belief Defendant Siemens Energy, Inc. (hereinafter "Siemens") is a Delaware corporation with its principal place of business in the State of Florida and authorized to do business in New Mexico.

5. Jurisdiction of this action is founded on the Miller Act - 40 U.S.C. §§ 3131 to 3134 and because the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 USC § 1391(b)(1) because the principal contract was to be

performed and executed in the District of New Mexico for the improvement of the Los Alamos National Laboratory.

## FACTS

6.      Upon information and belief Markel is a corporation which underwrites insurance policies for construction projects in New Mexico.

7.      Siemens was hired by the United States Department of Energy's National Nuclear Security Administration Los Alamos National Laboratory facility in New Mexico to design and construct steam and power plant modifications on a project known as US 1485 Los Alamos National Laboratory (LANL) Phase 1 Steam Plant Replacement Project (hereinafter "Project").

8.      On February 22, 2019, Siemens, as owner, entered into a written contract, here referred to as the principal contract, with Lauren Engineers & Constructors, Inc. (hereinafter "Lauren").  The terms of the principal contract were such that Lauren agreed to provide certain design and construction service for the Project and required that Lauren obtain payment and performance bonds.

9.      In accordance with the principal contract between Siemens and Lauren, Lauren provided Siemens with two bonds issued by Markel, namely:

(a) the Performance Bond No. 4421055 dated February 28, 2019, in the amount of $13,600,000 ("Performance Bond"), and

(b) Payment Bond No. 4421055 dated February 28, 2019, in the amount of $13,600,000 ("Payment Bond").

See Exhibit A - Performance Bond and the Payment Bond.

10.     The Performance Bond obligates Markel to secure Lauren's full performance of its obligations under the principal contract.

11. The Payment Bond obligates Markel to secure Lauren's payment obligations on the Project.

12. On January 16, 2020, Plaintiff entered into a subcontract with Lauren. as principal, in which Plaintiff agreed to provide on-site labor, equipment and materials on the Project more specifically described as Los Alamos Steam Plant TA-3 Phase I, located at 30 Bikini Atoll Rd, Los Alamos, NM 87545. A true and correct copy of the Subcontract and Subcontract Task Order SC005-004 are attached hereto as **Exhibit C**.

13. Beginning April 24, 2020, to April 20, 2021, Plaintiff supplied on-site labor, equipment, and materials in the prosecution of work on the Project and Plaintiff performed on the subject contract.

14. Lauren failed to make payment to Plaintiff pursuant to Plaintiff's Pay Applications as well as Change Orders.

15. On March 12, 2021, Plaintiff was notified that Lauren had suffered financial distress, Lauren's banks swept the accounts and Lauren demobilized from the project site.

16. Upon information and belief, Lauren filed for Chapter 7 bankruptcy liquidation on April 8, 2021, in the State of Texas, Northern District.

17. On April 9, 2021, Plaintiff filed a Notice of Intent to File a Bond Claim issued to Siemens, indicated Plaintiff's claim against Lauren in the amount of $439,148.00 and demanded payment thereon. A true and correct copy of the Notice is attached hereto as **Exhibit D**.

18. On April 30, 2021, Plaintiff notified Markel of their claim in the amount of $439,148.00 against bond no. 4221055 and demanded that Markel perform its obligations under the Payment Bond. A true and correct copy of Plaintiff's communication to Markel is attached hereto as **Exhibit E**.

19. Markel subsequently required Plaintiff to provide a Proof of Claim form (see **Exhibit F**) however, Markel continued to deny the claim(see **Exhibit G**) insisting that it was Siemens' responsibility to pay Plaintiff.

20. Upon information and belief, Siemens terminated the principal contract with Lauren on June 8, 2021, at which time Markel was notified of the termination.

21. Plaintiff issued timely notice to Markel of their claim and satisfied all conditions necessary to trigger Markel's obligation under the Payment Bond.

22. On July 9, 2021, Markel refused to comply with its obligations under the Payment Bond and notified Plaintiff that the claim against the Payment Bond was denied.

23. On August 17, 2021, Plaintiff submitted another request to Markel and demanded that it perform its obligations under the Payment Bond, but Markel failed to do so.

24. On August 17, 2021, Plaintiff submitted a letter to Siemens demanding payment for the outstanding amount, as Siemens benefited from on-site labor performed by Plaintiff and Siemens never paid Plaintiff for that work.

25. Markel has failed to honor its obligations under the Payment Bond.

26. Markel has refused in bad faith to comply with its obligations under the Payment Bond which has caused significant economic distress to Plaintiff.

27. Markel has breached the terms of the Payment Bond by failing to perform and failure to ensure payment to Plaintiff.

28. Siemens has been unjustly enriched by the on-site work, materials and labor performed by Plaintiff for which Siemens has failed to justly compensate Plaintiff for.

### COUNT I: DECLARATORY JUDGMENT

29. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

30. All parties subject to Courts authority to grant relief are named herein and there exists an actual controversy for which relief is requested.

31. Plaintiff complied with all notice requirements of the Bond and conditions precedent therein.

32. Plaintiff is entitled to a judgment declaring that Plaintiff satisfied all conditions of the Payment Bond and is therefore entitled to relief as requested in this Complaint.

### COUNT II:  BREACH OF CONTRACT AND CLAIM ON PAYMENT BOND

33. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34. Plaintiff complied with all of the conditions set forth in the Payment Bond, including conditions precedent and Plaintiff is a qualified claimant.

35. More than 90 days has expired since Plaintiff last provided labor and/or materials to the subject Project pursuant to the Subcontract.

36. Plaintiff has complied with all rules and requirements of the Miller Act for perfecting a right of action under the subject Payment Bond.

37. One year(1 year) has not elapsed from the date on which the last labor and/or materials were provided by Plaintiff to the subject Project.

38. Markel failed to accept Plaintiff's tender of its claim.

39. Markel has failed in its guarantee of payment to Plaintiff.

40. Markel's wrongful refusal to comply with its obligations are a material breach of the Payment Bond.

41. Markel's breach of the Payment Bond has damaged Plaintiff in an amount to be determined at trial.

### COUNT III:  BAD FAITH, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

42. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

43. There is implied in every Bond a duty on the part of the Surety to deal fairly with the parties to that Bond.

44. Fair dealing means to act honestly and in good faith in the resolution of a claim made on the subject Bond.

45. The Surety must give equal consideration to its own interests and the interests of its Bond holder and parties who rely on the validity of the Bond.

46. A Surety acts in bad faith when it refuses to pay a valid claim for reasons which are frivolous or unfounded.

47. In deciding whether to pay a claim, the Surety must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

48. A Surety may not unreasonably deny a claim for reasons that are outside the scope of the Bond itself.

49. A failure to adequately investigate, evaluate, and/or pay the claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the Bond.

50. Markel owes Plaintiff a duty of good faith and fair dealing pursuant to the Payment Bond.

51. Markel has acted in bad faith by refusing to pay Plaintiff's claim in a timely manner.

52. Markel has acted in bad faith by failing to act reasonably under the circumstances to conduct an adequate and fair investigation and evaluation of Plaintiff's claim.

53. As a direct and proximate cause of Markel's bad faith, Plaintiff has suffered monetary damages in an amount to be proven at trial.

54. Markel has breached the covenant of good faith and fair dealing by exercising bad faith in handling Plaintiff's claims against the Payment Bond.

55. Markel's breach of the covenant of good faith and fair dealing has caused damaged on Plaintiff in an amount to be determined at trial.

56. Markel's acts and failures to act, as enumerated above, constitute a breach of the duty of good faith and fair dealing to Plaintiff.

**COUNT IV: BAD FAITH BREACH OF THE NEW MEXICO INSURANCE CODE**

57. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58. Markel is subject to the New Mexico Insurance Code Trade Practices and Frauds Act NMSA 1978 Section 59A-16-20.

59. Markel has a duty to abide by the rules promulgated in NMSA 1978 Section 59A-16-20.

60. Markel violated its duties under the New Mexico Insurance Code, including but not limited to as follows:

(a) Specifically misrepresenting the benefits, conditions and terms of the Bond or made a statement which was untrue, deceptive, or misleading as to coverage or potential exclusions in violation of the common law and Insurance Code namely NMSA 1978 Section 59A-16-4.

(b) Failing to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claims arising under the Bond.

(c) Failing to effectuate good faith, fair and equitable settlement of Plaintiff's claim in which liability has become clear.

(d) Compelling Plaintiff to institute litigation to recover amounts due by failing to offer any substantive resolution to monies owed to Plaintiff for work performed on the subject Project and which Plaintiff is likely to recover at trial.

61. Markel's breach of the New Mexico Unfair Insurance Practices Act is the proximate and direct cause of damage suffered by Plaintiff in amounts to be proven at trial.

## COUNT V: UNJUST ENRICHMENT

62. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

63. Siemens entered into an agreement with Los Alamos National Labs/Department of Energy for the subject Project.

64. Siemens entered into the principal contract with contractor Lauren.

65. Plaintiff and Lauren entered into the subcontract for work performed pursuant to the subcontract and subject to the principal contract.

66. Plaintiff was performing labor on the subject premises in its good faith execution of the Project for which Siemens was a direct beneficiary of.

67. The unpaid work performed by Plaintiff as alleged above has unjustly benefited Siemens.

68. Pursuant to the doctrine of Unjust Enrichment, Plaintiff is entitled to relief requested herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendants for declaratory judgment, breach of contract, Bad Faith Breach of the Covenant of Good Faith and Fair Dealing, Bad Faith Breach of New Mexico Insurance Code, and Unjust Enrichment awarding compensatory and treble damages, attorneys' fees, costs, and prejudgment interest, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE SIMONS FIRM, LLP

By: /s/ *Quinn Scott Simons*
     QUINN SCOTT SIMONS
     P.O. Box 5333
     Santa Fe, NM 87502-5333
     (505) 988-5600
     qsimons@simonsfirm.com
     *Attorney for Plaintiff*