IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of SIERRA CANYON CONSTRUCTION, LLC, a New Mexico Corporation,<br><br>　　　Plaintiff,<br>vs.<br><br>MARKEL INSURANCE COMPANY, an Illinois Corporation, and SIEMENS ENERGY, INC., a Delaware Corporation,<br><br>　　　Defendants. | No. 1:21-cv-00974-PJK-SCY |

ORDER DENYING MOTION TO DISMISS

　　　THIS MATTER comes on for consideration of Defendant Siemens Energy, Inc.'s Motion to Dismiss Plaintiff's Complaint filed December 1, 2021. ECF No. 10. Upon consideration thereof, the court finds that the motion should be denied.

Background

　　　This lawsuit arises out of a construction project to upgrade a power plant at the Los Alamos National Laboratory in New Mexico. Defendant Siemens Energy, Inc. ("Siemens") provided certain equipment and services for the project. Siemens subcontracted part of its work to Lauren Engineers & Constructors, Inc. ("Lauren"), and Lauren subcontracted part of its work to the plaintiff, Sierra Canyon Construction, LLC

("Sierra"). Defendant Markel Insurance Company ("Markel"), as surety, issued a Payment Bond on behalf of Lauren, as principal, for the benefit of Siemens and Lauren's subcontractors, including Sierra. One of the Payment Bond's purposes is to ensure that subcontractors, like Sierra, will be paid by Markel if Lauren does not pay.

In the first half of 2021, Lauren filed for bankruptcy, abandoned the project site, and stopped paying Sierra. Sierra sought to collect $439,148.00 from Markel for its completed work. Markel denied the claim and contended that Siemens is responsible.

In its complaint, Sierra seeks a declaratory judgment and contends that Markel breached the Payment Bond, wrongfully denied its claim in bad faith, and violated the New Mexico Insurance Code. In its answer, Markel raised a variety of defenses including that it is not liable for work that was descoped from the Siemens-Lauren contract or directed by Siemens and not Lauren. ECF No. 5 at 7. Sierra also asserts a single count against Siemens for unjust enrichment, alleging that Siemens received the benefit of Sierra's labor without paying for it.

According to Siemens, the claim against it is barred because Sierra has a complete and adequate remedy at law: its contract claim against Markel. Siemens argues that under New Mexico law, a plaintiff cannot pursue an unjust enrichment claim when it has a viable contract claim against another party that covers the same subject matter as the unjust enrichment claim, and that, at a minimum, a plaintiff must indicate why a contract claim is an unavailable remedy. For its part, Sierra argues that it has merely pled in the alternative and that dismissal of its claim against Siemens is premature. Sierra also

argues that it could bring an unjust enrichment claim against Markel instead of a breach of contract claim, and that, as a third-party beneficiary of the payment bond, it is not precluded from an unjust enrichment claim. Given the resolution below, it is unnecessary to address the latter two contentions.

## Discussion

At this point, Sierra need only state a claim that is plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Well-pled factual allegations are accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is sufficient if a party makes alternative claims and any one of them is sufficient. Fed. R. Civ. P. 8(d)(2). Thus, a party may plead inconsistent claims or alternative types of relief. Fed. R. Civ. P. 8(a)(3), (d)(3).

As a general rule, a party may not recover on an unjust enrichment theory when an enforceable contract remedy exists. See Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1117 (10th Cir. 2005). Several federal district decisions have dismissed unjust enrichment claims at the pleading stage where a plaintiff has not pled that contract remedies are inadequate or unavailable. See, e.g., Armijo v. FedEx Ground Package Sys., Inc., 285 F. Supp. 3d 1209, 1217 (D.N.M. 2018) (Brack, J.); Steadfast Ins. Co. v. Legacy Safety & Consulting, LLC, 2015 WL 12803775, at *3–5 (D.N.M. June 25, 2015) (Johnson, J.); Abraham v. WPX Energy Prod., LLC, 20 F. Supp. 3d 1244, 1272–78 (D.N.M. 2014) (Browning, J.). However, as New Mexico courts have consistently employed unjust enrichment remedies (and appear not to have adopted such a pleading

3

rule), the court concludes that it is premature to terminate the unjust enrichment claim at this early stage of the litigation.   See Sims v. Sims, 930 P.2d 153, 158–60 (N.M. 1996); Starko, Inc. v. Presbyterian Health Plan, Inc., 276 P.3d 252, 278 (N.M. Ct. App. 2011); Ontiveros Insulation Co., Inc. v. Sanchez, 3 P.3d 695, 699 (N.M. Ct. App. 2000). Recovery is uncertain on either the contract or unjust enrichment claim.   See Burlington N. & Santa Fe Ry. Co. v. Grant, 505 F.3d 1013, 1030 (10th Cir. 2007); Hiatt v. Brigham Young Univ., 512 F. Supp. 3d 1180, 1188 (D. Utah 2021).

NOW, THEREFORE, IT IS ORDERED that Siemens's Motion to Dismiss Plaintiff's Complaint filed December 1, 2021 (ECF No. 10) is denied.

DATED this 23rd day of February 2022, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation